## Investments for Life Insurance Trust

SAYLOR, Deputy Attorney General, June 8, 1934.—In your letter of March 7th, you advise that an institution under your supervision, acting as trustee under a life insurance trust agreement, has since July 3, 1933, invested assets of the trust in mortgages which were formerly the property of the commercial department and were not earmarked for trust investment. You ask to be advised

whether this is a violation of section 1111 of the Banking Code approved May 15, 1933, P. L. 624, and effective July 3, 1933.

Section 1111 provides as follows:

"A bank and trust company shall not, directly or indirectly, purchase with funds held by it as fiduciary, or exchange for any real or personal property held by it as fiduciary, any asset of its commercial department, but this prohibition shall not apply in the case of bonds or other interest-bearing obligations of the United States, of this Commonwealth, or of any county, city, borough, township, school district, or poor district of this Commonwealth, nor in the case of assets of its commercial department earmarked for future trust investment at the time of acquisition by the commercial department, and purchased or exchanged, within one year after acquisition, with funds or for property held by it as fiduciary. A report shall be made monthly to the board of directors and to the Department of all transactions, including earmarked acquisitions, within the exception to the foregoing prohibition."

It appears that the third article of the life insurance trust agreement provides, in part, as follows:

"II. In making or disposing of any investments, the trustee may purchase the same from, or sell the same to, .......... Company of .........., as freely as it might or could deal with an independent third party and without any greater responsibility, all rules or provisions of law to the contrary being hereby expressly waived."

The question to be determined is whether or not the creator of a trust may authorize a State institution acting as fiduciary to do what the Banking Code prohibits it from doing.

There are several sections of the Banking Code making provision for the investment of trust funds by a bank and trust company or a trust company. Section 1108 provides for the segregation and designation of such funds, the deposit of uninvested funds, and the pledging of securities of certain limited character to safeguard such funds when deposited in the company's commercial department.

Section 1109 authorizes the creation and operation by a trust company or a bank and trust company of mortgage or security pools for the investment of fiduciary funds. It imposes certain regulations upon the institution acting as fiduciary in operating the pool.

Section 1110 prohibits a bank and trust company or a trust company from lending funds held by it as fiduciary to its officers, directors, or employes, and provides that any director, officer, or employe granting or accepting such a loan with knowledge that it was granted in violation of the section shall be guilty of a misdemeanor.

In our opinion, these sections and section 1111 are mandatory upon institutions under your supervision which function as fiduciaries. They apply to incorporated institutions which are governed by the provisions of the Banking Code and which function subject to your supervision, as provided by that code and the Department of Banking Code of May 15, 1933, P. L. 565.

These provisions of the law do not affect the right of an individual acting as a trustee, executor, or in any other fiduciary capacity. Limitations upon individuals as fiduciaries with respect to the investment of funds held by them in such capacity are prescribed by section 41 (a) 1 of the Fiduciaries Act of June 7, 1917, P. L. 447, as last amended by the Act of April 26, 1929, P. L. 817, providing, inter alia, as follows:

"When a fiduciary shall have in his hands any moneys, the principal or

capital whereof is to remain for a time in his possession or under his control, and the interest, profits, or income whereof are to be paid away or to accumulate, or when the income of real estate shall be more than sufficient for the purpose of the trust, such fiduciary may invest such moneys in the stock or public debt of the United States, or in the public debt of this Commonwealth; or in bonds or certificates of debt constituting the direct and general obligation of any of the counties, cities, boroughs, townships, school districts or poor districts of this Commonwealth; or in first mortgages on real estate in this Commonwealth, securing bonds or other obligations not exceeding in amount two-thirds of the fair value of such real estate; or in ground rents in this Commonwealth; or in bonds, payable not more than twenty years after date, of one or more individuals, secured by a deed or deeds of unencumbered real estate in this Commonwealth conveyed to a corporation organized under the laws of this Commonwealth and authorized to act as trustee, in trust for the benefit of all such bondholders, but the total amount of any such bond issue shall not exceed two-thirds of the fair value of the real estate securing it, and the trustee shall not be exempted, by contract or otherwise, from responsibility for performing the ordinary duties of trustees; or in trust certificates, issued by a trust company organized under the laws of this Commonwealth, certifying that the holders thereof are respectively the owners of undivided interests in deposits, with such trust company, of securities in which trust funds may be invested under the preceding provisions of this clause: Provided, That nothing herein contained shall authorize any fiduciary to make any investment contrary to the directions contained in the will of the decedent in regard to the investment of such moneys."

It will be noted that the proviso quoted applies to a corporate, as well as an individual, fiduciary. It is restrictive. It does not extend the powers of a fiduciary. It limits a fiduciary to the trust instrument where such instrument is less liberal than the act. It does not enlarge the power of a corporate fiduciary and permit it to evade the restrictions imposed by the provisions of the Banking Code to which we have referred.

Section 1103 of the Banking Code, stating the power of a bank and trust company or a trust company to act as fiduciary, provides, inter alia, as follows:

"Any agreement of such bank and trust company or such trust company as fiduciary shall be in the manner provided by law for the agreement of such fiduciaries, and any acts performed by the bank and trust company or the trust company as such fiduciary shall be in accordance with any provisions of law which govern such relationships. Except as specifically otherwise provided in this act, or by the instrument creating the fiduciary relationship, or by any other agreement by the parties, such bank and trust company or such trust company shall have the same powers and shall be subject to the same duties as are granted to, or imposed upon, any such fiduciaries by the laws of this Commonwealth."

The clause, "Except as specifically otherwise provided in this act", evidences the legislative intent that the provisions of section 1111 shall operate as a limitation on the general power granted.

As stated in its title, the Banking Code relates to the business of banking and to the exercise of fiduciary powers by corporations. It defines the rights, powers, duties, liabilities, and immunities of such corporations with or without fiduciary powers and of the officers, directors, trustees, shareholders, attorneys, and other employes of all such corporations.

In our opinion, it is entirely proper and legal for a testator or trustor cre-

ating a living trust to make provision in the indenture creating the trust for the investment of its assets in securities other than those designated by the Fiduciaries Act as legal investments for trust funds. It is an entirely different matter, however, for the creator of a trust to override, intentionally or otherwise, any provisions of the law of the Commonwealth which specifically bear upon the corporate powers and functions of a corporation created under the laws of the Commonwealth. If it were legal for a testator or settlor to do this, it could result in the gradual weakening of the law regulating the activities of corporate fiduciaries. It would permit a corporate fiduciary, with the consent and perhaps through the connivance of individuals dealing with it, to render entirely inoperative the intent of the legislature to restrict the scope of action of a corporate fiduciary. It would permit it to fall into the same unfortunate practices as caused disaster to many trust estates during the period when corporate fiduciaries were given a free rein, which the Legislature of 1933 in no unmistakable terms sought to check.

Therefore, in our opinion, no institution under your supervision acting in a fiduciary capacity may execute a trust in such manner as to violate the provisions of section 1111 of the Banking Code. In the situation concerning which you inquire, the action of the trust company in investing assets of a life insurance trust in securities owned by its commercial department and not earmarked for trust investment at the time of their acquisition is illegal and violates section 1111 of the Banking Code.  From C. P. Addams, Harrisburg, Pa.